STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES ZEEK, PLAINTIFF IN ERROR.

Submitted October 5, 1937—Decided June 6, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff in error, *J. Bernard Saltzman.*

For the defendant in error, *Orville V. Messlar,* prosecutor of the Pleas.

PER CURIAM.

Charles Zeek, the plaintiff in error, and Ludwig Kolar were indicted upon two counts. The first charged in effect that on February 16th, 1937, at the township of Jefferson, Morris county, Charles Zeek, who was president of the board of education of the township of Jefferson, and Ludwig Kolar, who was clerk of such board, with intent feloniously to cheat and defraud said board of education, did then and there feloniously, unlawfully, knowingly and designedly, falsely pretend and represent to the custodian of the funds of the board of education that a certain bill had been approved for payment by the board and that said custodian then and there believing said false pretenses and representations, was deceived and induced thereby to sign a warrant, together with

the said defendants, for the payment of said bill for materials, and that the said defendants designedly obtained and received the sum of $54 moneys of said board, by means of said false pretenses and representations, whereas in truth and fact said bill for materials was utterly false and untrue in that said defendants knew that such pretenses and representations were false and untrue at the time of making the same. The second count charged that the defendants by means of such false pretenses and representations, received and obtained from the said board of education, feloniously, unlawfully, falsely, knowingly and designedly the said sum of $54 with the intent to cheat and defraud the said board.

At the trial Kolar pleaded guilty, and the plaintiff in error (hereinafter referred to as the defendant) was convicted by the jury.

Defendant's first point is that the court erred in refusing to grant the motion to quash the indictment, the allegations being that it did not disclose sufficient facts to apprise the defendant of the charge made against him; that the false pretense was not negatived; that the indictment did not charge that by false pretenses the defendant obtained a signature on the check or warrant.

But our examination of the entire indictment, and of all its various allegations, discloses that such contentions are mistaken in point of fact, and that the indictment was legally sufficient. *State* v. *Vanderbilt*, 27 *N. J. L.* 328; *State* v. *Tomlin*, 29 *Id.* 13; *State* v. *Oxx*, 59 *Id.* 99. Moreover in any event the refusal to quash upon the ground stated was discretionary. *State* v. *Bove*, 98 *Id.* 350; *affirmed*, *Ibid.* 576. No motion was made for a bill of particulars. While denial of arrest of judgment seems to have been assigned for reversal, we find that no such motion was made nor was the matter referred to in the argument.

The next point is that the court erred in permitting the witness Kolar to answer certain questions. These questions we think were properly admitted. Those said to be "leading" were well within the discretion of the court to allow. Others were rendered competent by reason of testimony which had

preceded them, and others were competent to show that the method of defrauding the board had arisen from a series of transactions leading up to the final one, and that the method used was always the same and had a logical tendency to prove some particular element of the crime charged. *State* v. *Fisher,* 96 *N. J. L.* 5.

The next point is that the court erred in refusing to permit Kolar, a witness called by the state, to answer certain questions on cross-examination. We think the questions were properly excluded as being an improper effort to show that the witness had committed other crimes, having no connection with the crime in question, without first asking if he had been convicted thereof. That of course was improper. *State* v. *Bossone,* 88 *N. J. L.* 45; *affirmed,* 89 *Id.* 724.

The next point is that the court erred in permitting the witness Kolar to answer "with whom and when did you first conceive of drawing checks such as this and obtaining money this way whereby you obtained money on this district school warrant?" We think the question was admissible as tending to show that the method of taking this money had become systematized and who originated and carried through such system:

The next point is that the court erred in denying a motion for acquittal at the end of the state's case and at the end of the entire case on the ground "that the proof was in variance with the indictment." But our examination of the proof and indictment shows that this point is without substance.

The next point is that the court erred in charging the jury upon the question of the reputation of Kolar. The contention seems to be, not that the charge objected to was erroneous, but that "the effect was to minimize the importance of the weight to be given to the defendant's character witnesses." This contention is ill-founded in point of fact. There was nothing in the charge, considered in its entirety, having any tendency to minimize the weight of the testimony respecting the character or reputation of the defendant.

The next point is that the court, in charging the jury, misrepresented the testimony of the witness Anderson. We think

there is no proper basis in fact for such contention. Moreover, the trial judge repeatedly told the jury that they must depend upon their own recollection as to the testimony of witnesses and were not to be controlled in any way by the comments of the judge in respect thereto.

The next point is that the judge erred in failing to charge a certain designated written request. But there was certainly no error here justifying a reversal, because the court had already charged the substance thereof when orally requested so to do during the progress of the case, and repeated it in the body of the charge.

The next point is that the court erred in refusing to charge another request. We think it was properly refused because it amounted to a request for an acquittal and we are of the opinion that the proofs would not have warranted any such direction by the trial judge.

The next and last point is that the verdict was against the weight of the evidence. We think not. The defendant's argument is that Kolar's testimony was discredited and was outweighed by the testimony on behalf of the defendant. We do not so read the testimony. We believe that there was ample corroboration of the testimony of Kolar, who testified, among other things, that at the suggestion of the defendant they fixed up the bill in question, the defendant suggesting the name, and that the bill be made "enough so that we will have enough to divide," and that defendant would get it cashed. There was the testimony of the witness Emma Robinson that she was the custodian of the funds and that the warrant was presented to her and signed in the manner testified to by Kolar. There was testimony by the witness Norman that he did not submit any bill to the board of education and that he had not furnished any materials to the board and that the signature on the warrant was not his signature. There was further corroboration by the witness Anderson that the warrant was cashed in his place of business and that defendant had cashed other warrants in his place of business, and had refused to endorse the warrants, saying that he did not want anybody to know where he was cashing

checks. There was other corroborating testimony, which it would serve no useful purpose to detail.

It therefore seems clear that the verdict was not against the weight of the evidence.

The judgment below will be affirmed.