JOSEPH L. SIGRETTO & SONS, INC., A CORPORATION, JOSEPH C. SIGRETTO, INDIVIDUALLY, PROSECUTORS, v. STATE OF NEW JERSEY, RESPONDENT.

Argued January 20, 1942—Decided February 3, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutors, *Milton, McNulty & Augelli* (*Joseph Keane*).

For the respondent, *John H. Beekman, Jr.*, Prosecutor of the Pleas, and *Joseph Halpern*, Assistant Prosecutor of the Pleas (*T. Girard Wharton*, on the brief).

BODINE, J. The prosecutors sought *certiorari* to remove into this court three indictments found at the Somerset Court of Oyer and Terminer. Counsel stipulated in open court that the court might, if it were so disposed, treat the matter as though the writ had been granted and the motions made. Such course will be followed because the case was well argued and the briefs are excellent, and the questions involved can be as well considered now as at any other time.

Supreme Court Commissioner Arthur B. Smith, pursuant to appointment, had conducted, during the summer of 1939, an investigation into the affairs of the Borough of Bound Brook. The indictments charge the corporation and the individual prosecutors with obtaining money under false pretenses and the individual is also charged with false swearing.

The first point is that a corporation is not capable of forming a criminal intent—a necessary element in the crime of obtaining money under false pretenses. Reliance is placed upon *obiter* in *State* v. *Morris and Essex Railroad Co.,* 23 *N. J. L.* 360; affirmed in 25 *Id.* 437, to the effect that there were crimes a corporation could not commit especially where a specific intent was required. In that case, the court was concerned with an indictment charging the creation of a public nuisance and held that a railroad was subject to indictment for such offense. A corporation was indictable for keeping a disorderly house. *State* v. *Passaic County Agricultural Society,* 54 *Id.* 260.

Mr. Justice Swayze said of the case of *State* v. *Morris and Essex* case, *supra*, in *State* v. *Lehigh Valley Railroad Co.,* 90 *N. J. L.* 372 (at *p.* 373) ; *affirmed,* 94 *Id.* 171 : "It is enough to say that the case is an authority which we are not at liberty to question, and would not question if we might, for the proposition that a corporation aggregate may be held criminally for criminal acts of misfeasance or non-feasance unless there is something in the nature of the crime, the character of the punishment prescribed therefor, or the essential ingredients of the crime, which makes it impossible for a corporation to be held. Involuntary manslaughter does not come within any of these exceptions. It may be the result of negligence merely and arise out of mere non-feasance. That a corpora-

tion may be guilty of negligence is now elementary; that it could be held criminally for non-feasance was settled by numerous precedents cited by the Chief Justice (at *pp.* 364, 365). We think of no reason why it should not be held for the criminal consequences of its negligence or its non-feasance. There is nothing in the punishment prescribed which makes it impossible to punish a corporation. Section 109 of the Crimes Act prescribes in the alternative a fine of $1,000 or imprisonment not exceeding ten years, or both. Clearly, a corporation may be punished by way of fine. The punishment is prescribed only for persons, but by section 9 of the act relative to statutes the word 'person' is declared to include bodies corporate (artificial persons) as well as individuals (natural persons), and the same provision in a somewhat different form appears in section 220 of the Crimes Act."

The indictments charging the obtaining of money under false pretenses are predicated upon *N. J. S. A.* 2:134-1 as follows: "Any person who, knowingly or designedly, by color of any false token, counterfeit letter or writing, or by any false pretense, shall obtain from any person any money, wares, merchandise, goods or chattels or other valuable thing, with intent to cheat or defraud any person of the same, shall be guilty of a misdemeanor."

*N. J. S. A.* 2:103-6 provides for punishment by fine not to exceed $1,000 or by imprisonment. *N. J. S. A.* 1:1-2 provides that the word "person" where used in a statute means a corporation unless restricted by the context. Such is not the case with *N. J. S. A.* 2:134-1, so it would seem that the legislature intended that a corporation could be indicted for such an offense. There is no reason why a corporation should obtain a benefit by fraud and escape punishment by fine. A corporation may be guilty of a mail fraud. *U. S.* v. *Cotter* (*C. C. A. N. Y.*), 60 *Fed. Rep.* (2*d*) 689; *certiorari* denied, *Cotter* v. *U. S.,* 53 *S. Ct.* 291; 287 *U. S.* 666.

We can only conclude that a corporation may be liable at the criminal law for a fraud committed by it.

It is next urged that the false pretense indictments were invalid because they do not charge a crime and do not apprise the defendants of what they have to prepare to defend. The

charge is in the language of the statute, *State* v. *Tilton,* 104 *N. J. L.* 268, and the language seems sufficiently explicit to apprise the defendants of the offense charged. A bill of particulars could be ordered. *State* v. *Bolitho,* 103 *Id.* 246. Courts tend to-day not to require too strict pleading, since it is possible to secure full particulars in support of general charges.

It seems to us that a charge that X on a day certain, knowingly and designedly by false pretense obtained from Y, $1,198.25, is sufficient. To require the allegation of the false pretense was no doubt necessary under early cases, but we think that the shortcoming can be supplied by a bill of particulars. Nor do we regard *State* v. *Bradway,* 118 *N. J. L.* 17, as an authority to the contrary.

The false swearing indictment is drawn in the language of the statute, *N. J. S. A.* 2:157-4. What has been said heretofore would seem to apply to this indictment. Mr. Justice Case in *State* v. *Ellenstein,* 121 *N. J. L.* 304, applied the test in determining the validity of an indictment of whether the language was sufficient to make it judicially apparent that an offense had been committed. Applying this rule to the indictments in question, we conclude that they should not be quashed. The pleader has set up separate offenses in separate counts. The form used is that in common practice in this state. This court does not grant motions to quash indictments except on the clearest and plainest ground. *State* v. *Bradway, supra.*

The motions to quash will be denied and the indictments will be remitted to the Somerset County Oyer and Terminer there to be proceeded with according to law. No costs.