THE STATE OF NEW JERSEY, DEFENDANT, v. LOUIS ALFIN, PROSECUTOR.

Submitted October 7, 1942—Decided November 18, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *George F. Losche.*

For the state, *John J. Breslin, Jr.,* Prosecutor of the Pleas.

The opinion of the court was delivered by

PARKER, J.   The indictment, specifically citing *R. S.* 2:134-1 which reads as follows: "Any person who, knowingly or designedly, by color of any false token, counterfeit letter or writing, or by any false pretense, shall obtain from any person any money, wares, merchandise, goods or chattels or other valuable thing, with intent to cheat or defraud any person of the same, shall be guilty of a misdemeanor," charges a violation of that act, in that "Louis Alfin * * * between the eighteenth day of July, 1941, and the ninth day of January, in the year of our Lord one thousand nine hundred and forty-two at the City aforesaid, in the County aforesaid, and within the jurisdiction of this Court, did knowingly, by color of false and counterfeit writtings: to wit: false and counterfeit salary vouchers in the names of persons employed or formerly employed by the Masterbilt Manufacturing Company, Incorporated, obtain from the said Masterbilt Manufacturing Company, Incorporated, the sum of Two Hundred, Eighty-Eight Dollars and Ninety Four Cents, lawful money of the United States of America, with intent to

cheat the said Masterbilt Manufacturing Company, Incorporated, thereof, in violation of title 2, chapter 134, section 1 of the Revised Statutes of 1937, against the peace of the State, the Government and dignity of the same."

We are clear that the allegations of this indictment are too indefinite to require the party charged to go to trial thereunder: and that even a bill of particulars would not meet the fundamental difficulty. We are not unmindful of the provisions of *R. S.* 2:188-18 that "in any indictment for fraudulently obtaining or attempting to obtain any property by false token, counterfeit writing or other false pretenses, it shall be sufficient to allege that the defendant did the act with intent to defraud, without alleging an intent to defraud any particular person, and without alleging any ownership of the chattel, money or valuable security; and, on the trial of any such indictment, it shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with intent to defraud." But it cannot be discerned from the indictment before us whether the alleged false pretenses were one act or a series of independent acts. Obviously there were a number of false salary vouchers, and in a number of different names, on which, not on any specific date, but quite conceivably on various dates between July 18th, 1941, and January 9th, 1942, the accused "obtained" the sum of $288.94. The defendant is entitled to be informed, among other things, whether he is charged with obtaining one lump sum by false representations relating to several different fraudulent vouchers, or several different sums based on one or more vouchers. The indictment should show on its face whether one offense is to be charged, or several distinct offenses; in which latter case there should be a separate count for each offense. This indictment fails to show either situation, and we think a proper exercise of judicial discretion requires that it be quashed Such will be the order.