41 N.J. Super. 445 (1956)
125 A.2d 403
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
WILLIAM R. TORRANCE, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 5, 1956.
Decided September 21, 1956.
*447 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. William W. Wimmer argued the cause for the defendant-appellant-respondent.
Mr. David M. Satz, Jr., argued the cause for the plaintiff-respondent-appellant (Mr. Grover C. Richman, Jr., Attorney-General of the State of New Jersey, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
Cross-appeals, here consolidated, were taken from an order of the Superior Court holding the indictment to be duplicitous in that it combined several offenses in a single count, but denying the defendant's motion to dismiss and granting leave to the State to amend in order to remedy the defect.
The defendant, William R. Torrance, was indicted by the Hudson County grand jury alleging a violation of N.J.S. 2A:111-1, formerly R.S. 2:134-1, which provides as follows:
*448 "Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money, property, security, gain, benefit, advantage or other thing of value by means of false promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor."
The indictment arose out of an investigation conducted by the Attorney-General concerning certain alleged "no show" practices in the office of the Hudson County Superintendent of Elections. The expression "no show" is used to describe a situation where a public employee collects his pay check, but fails to show up for work.
The indictment alleges the offense in a single count, the pertinent parts of which are as follows:
"* * * William R. Torrance * * * having been duly appointed as a temporary clerk by the Superintendent of Elections * * * and having accepted such appointment, was duly assigned to duty as an investigator * * * it was his duty to personally make * * * investigations * * * and record in writing upon forms supplied by the office * * * pertinent facts, data and information * * * and to deliver such completed forms to the Superintendent of Elections * * * For the performance of the aforesaid duties * * * Torrance received a salary from the County of Hudson * * * paid to him in semi-monthly installments * * *.
* * * Torrance * * * knowingly, designedly, willfully and with intent to cheat and defraud, knowingly, designedly, and willfully, did falsely represent and pretend * * * that he * * * did perform all the duties aforesaid enjoined upon him, the said William R. Torrance, between on or about August 1, 1952 and September 30, 1952 * * * whereas in truth * * * Torrance did not perform the duties aforesaid enjoined upon him * * *, and that by means of said false representations and pretenses * * * did obtain * * * money to the amount and value of $466.64, with intent to cheat and defraud * * *."
The trial court denied the defendant's motion to dismiss, which motion urged that: (1) the indictment does not state facts sufficient to constitute an offense; (2) the indictment does not adequately inform the defendant of the nature and cause of the accusation; and (3) the indictment is so vague, uncertain, indefinite and lacking in adequate specifications as to afford to the defendant no means of preparing his *449 defense. In considering the motion, the trial court did not rule on the separate grounds urged by the defendant, but did find the charge to be duplicitous in that there were four semi-monthly payments of money and that, therefore, several offenses were improperly included in the one count of the indictment. The order entered directed that the indictment be amended and that the State proceed upon one selected offense only.
The appeal of the State is founded on the theory that the indictment charged only one offense, each of the payments flowing from one continuing misrepresentation by the defendant.
R.R. 3:4-3 provides that an indictment must allege "the essential facts constituting the offense charged." State v. Solomon, 97 N.J.L. 252 (E. & A. 1921); State v. Lombardo, 20 N.J. Super. 317 (App. Div. 1952); State v. Algor, 26 N.J. Super. 527 (App. Div. 1953). In State v. Engels, 32 N.J. Super. 1, 6 (App. Div. 1954), it was stated:
"Gradually our courts have recognized that the nicety of language, the former precautious tautology and prolixity which had characterized indictments in the environment existing in the days of the early common law could with substituted safeguards be disregarded in the social experiences of the modern day without any infringement of the right of the accused adequately to be informed of `the nature and cause of the accusation.' Vide, State v. LeFante, 12 N.J. 505 (1953).
"Assuredly, it is still absolutely imperative that an indictment allege every essential element of the crime sought to be charged. [Cases cited] Positive also it is that the omission of the allegation of an essential element of the crime cannot be supplied by inference or implication. [Cases cited]"
It is settled law that the refusal of the trial court to quash an indictment rests solely in that court's sound discretion and will not be reversed on appeal unless manifest error is shown. Proctor v. State, 55 N.J.L. 472 (Sup. Ct. 1893); State v. Bove, 98 N.J.L. 350 (Sup. Ct. 1922), affirmed 98 N.J.L. 576 (E. & A. 1923); State v. Zeek, 120 N.J.L. 322 (Sup. Ct. 1938), affirmed 121 N.J.L. 584 (E. & A. 1939); State v. Weleck, 10 N.J. 355 (1952).
*450 In State v. Winne, 12 N.J. 152 (1953), Chief Justice Vanderbilt said, at page 181:
"The power to quash an indictment rests in the sound discretion of the trial judge, but this discretion should not be exercised `except on the plainest ground.' State v. Ellenstein, 121 N.J.L. 304, 325 (Sup. Ct. 1938), or on `the clearest and plainest ground,' as it was put in State v. Davidson, 116 N.J.L. 325, 328 (Sup. Ct. 1936), or unless the indictment is `palpably defective,' State v. Russo, 6 N.J. Super. 250, 254 (App. Div. 1950). * * * Our courts have repeatedly held that `discretion ought not to be exercised in a case like this where injustice may be done thereby to the state and where the refusal to exercise it deprives the defendants of no substantial rights.' State v. Lehigh Valley Railroad Company, 90 N.J.L. 372, 376 (Sup. Ct. 1917)."
The power of an appellate court to exercise its judgment in substitution of that of the trial court has been reviewed in State v. Weleck, supra. There, the Supreme Court considered an appeal by the State from the granting of a motion to quash the indictments against the defendant. While the court reversed and remanded the cause for trial, it pertinently had the following to say, (10 N.J. 355), at page 364:
"* * * Since the exercise of discretionary authority will not be disturbed on appeal or review unless it has been clearly abused, In re Longo, 124 N.J.L. 176 (E. & A. 1949); State v. Collins, 2 N.J. 406 (1949); State v. Bunk, supra, 4 N.J. 482, (1950), the ultimate question on this appeal is whether the trial court abused its discretion in granting the defendant's motion to dismiss the indictments."
The material elements charged in the indictment are the following: (1) that the defendant knowingly accepted employment under a public official and was assigned duties which he in fact pretended and falsely represented that he performed; (2) that during the time of his employment, he did not perform the duties enjoined upon him; (3) that he did receive and obtain from the Superintendent of Elections and the County of Hudson public moneys for the payment of which they relied upon his false representations and pretenses; and (4) that as a direct consequence the *451 defendant received public moneys not due to him. State v. Vanderbilt, 27 N.J.L. 328 (Sup. Ct. 1859); Roper v. State, 58 N.J.L. 420 (Sup. Ct. 1896); State v. Kaufman, 31 N.J. Super. 225 (App. Div. 1954), reversed on other grounds 18 N.J. 75 (1955).
It is required of every indictment that it shall give the accused reasonable notice of the act or acts against which he is called upon to defend himself. Therefore, it is required that it contain some statement of facts and circumstances to give him this knowledge, and he has the right to have such facts and circumstances set out in the indictment. Every constituent element of the crime must be alleged and presumptions will not be relied upon. State v. Solomon, supra.
The indictment under consideration appears to contain these elements. It apprises the defendant of all the essential ingredients of the offense as it pertains to him. Briefly, it charges that he falsely represented to his employer that he did perform the duties assigned to him; that he failed to perform such duties; and that the Superintendent of Elections and the County of Hudson relying upon the defendant's representations paid to him the amount of $466.64. The question under consideration is completely aside from the defendant's innocence or guilt; that of course is not now to be resolved; it concerns merely the language of the indictment which was sufficiently explicit to apprise the defendant of the offense charged. There is no defect in this indictment in this respect. State v. Crowley, 39 N.J.L. 264 (Sup. Ct. 1877); Joseph L. Sigretto & Sons, Inc., v. State, 127 N.J.L. 578 (Sup. Ct. 1942); State v. Lombardo, supra; State v. Ellenstein, supra.
The appellant raises the point that the indictment does not charge any present false state of mind as to any future promissory act, and that a false pretense under the statute must be as to an existing fact or condition. In State v. Kaufman, supra (18 N.J., at page 79), it was held that the inclusion in the statute of the word "promises" clearly indicates an intention that false statements as to future, as well as past and present facts, fall within the *452 interdiction of the statute, a promise being normally a stipulation as to future conduct of the promisor. But the Kaufman case does not apply here. This indictment expressly charges that the defendant's false representations concerning past performance of work induced the payment of money to him. The defendant's argument assumes facts not stated in the indictment, but which may become material at trial.
The appellant argues that the wages paid to him were solely as the result of a contractual relationship of employer and employee, and were not paid as a result of any representations made by him. It must be conceded that every employment contract when entered into anticipates that the employee will for the consideration of his wages perform the duties assigned to him. It cannot be successfully argued that one who engages to work for wages, and who fraudulently fails to perform the agreed upon services but accepts wages therefor, has not obtained money under false representations. To argue otherwise would mean that one may enter into a contract of employment, refuse or neglect to perform the duties he has agreed to perform under the contract, and then claim the right to be compensated in full under the very contract he has breached.
It is settled that an indictment containing a single count cannot be utilized for the purpose of joining separate and distinct offenses, even of a like nature. R.R. 3:4-7, formerly Rule 2:4-15; State v. Alfin, 129 N.J.L. 196 (Sup. Ct. 1942); State v. Weleck, supra. Here, the defendant is entitled to know whether he is charged with obtaining one lump sum or several different sums and whether by one or several false representations. Thus, the question posed is whether one or several offenses are charged. The indictment states that he was employed for two months and paid semi-monthly by four checks. The trial court ruled that the indictment could be construed as charging four offenses in one count, and, thus, duplicitous. We agree. In support of its contention that the indictment charges one continuous offense, the State cites some New Jersey cases *453 as well as out-of-state authorities. In our opinion, the New Jersey citations are inapplicable, and the out-of-state authorities not persuasive. Predicated on State v. Weleck, supra, rather than dismiss the indictment as in the Alfin case, supra, the trial court permitted the indictment to be amended by "striking all but one of the offenses charged, and selecting that portion or segment of the indictment upon which it intends to proceed." State v. Lamb, 81 N.J.L. 234, 240 (Sup. Ct. 1911); State v. Spence, 36 N.J. Super. 314 (App. Div. 1955), certification denied 19 N.J. 441 (1955). The Alfin case, supra, relied upon by the defendant for his contention that the indictment should have been dismissed outright is clearly distinguishable. There, the indictment was quashed because it failed to show whether the alleged false pretenses were one act or a series of independent acts; it was confusing and could not be amended.
We agree with the trial court that the indictment was duplicitous, but that the defect was not fatal and might be cured by an appropriate amendment, striking all but one of the offenses charged. R.R. 3:4-5; State v. Lamb, supra. Under ancient practice, a defective indictment was almost invariably quashed; today, however, the policy of the law is to permit amendments to meet technical objections provided the substantial rights of the defendant are not impaired. State v. Engels, supra.
The order under review is affirmed.