126 N.J. Super. 534 (1974)
315 A.2d 718
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
INGEBORG M. SIEBERT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1974.
Decided February 8, 1974.
*535 Before Judges HALPERN, MATTHEWS and BISCHOFF.
*536 Mr. Russell M. Cottrell, Assistant Prosecutor, argued the cause for appellant (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney; Mr. Paul D. Moroney, Assistant Prosecutor, on the brief).
Mr. Robert A. Coogan argued the cause for respondent (Messrs. Saling, Moore, O'Mara & Coogan, attorneys).
PER CURIAM.
Defendant was charged with working as a clerk for an illegal lottery, contrary to N.J.S.A. 2A:121-3(a), and the possession of lottery slips and paraphernalia, contrary to N.J.S.A. 2A:121-3(b). The first count, in addition to charging employment in a lottery operation, included the allegation that defendant "knowingly and unlawfully did possess divers papers, documents, slips and memoranda pertaining to the business of lottery * * *." The second count charged simple possession of lottery slips and paraphernalia. The trial judge, in his instructions to the jury, noted the possession element of the first count and directed the jury to treat it as surplusage.
Defendant was acquitted of the first count, and the jury was unable to reach a verdict on the second count. On the day fixed for the retrial of the possession charge, defendant moved to dismiss the indictment on the ground of double jeopardy. The trial judge, believing that the indictment had been submitted to the jury, found the former trial judge's limiting instructions to have been insufficient and granted the motion to dismiss. The court reporter who recorded the first trial subsequently executed an affidavit stating that the indictment had not been submitted to the jury. The State now appeals the grant of the motion to dismiss the indictment.
Separate and distinct offenses may not be joined in a single count of an indictment. R. 3:7-6; State v. Weleck, 10 N.J. 355, 375 (1952); State v. Torrance, 41 N.J. Super. 445, 452-453 (App. Div. 1956), cert. den. 23 N.J. 59 (1956); State v. Bolitho, 103 N.J.L. 246, 263 (S.Ct. *537 1927), aff'd 104 N.J.L. 446 (E. & A. 1927). Duplicity in an indictment, however, is not necessarily fatal. Provided that substantial rights of defendant are not impaired, an amendment to strike all but one of the offenses will cure the indictment. R. 3:7-4; Weleck, above, 10 N.J. at 375; Torrance, above, 41 N.J. Super. at 453. The fact of joinder of two separate offenses, therefore, is not determinative. Appellant's reliance on State v. Daly, 38 N.J. 1 (1962); State v. Silverstein, 41 N.J. 203 (1963), and R. 3:7-3, is misplaced. Surplusage is the inclusion of additional language, cumulative in form, describing additional means or circumstances by which the offense was committed; it is not equivalent to duplicity.
Our examination of the record reveals that the parties and the trial judge conducted the trial as if only one offense was charged in the first count. Further, we find that the trial judge's instruction to the jury and the absence of the indictment during the jury's deliberations do not warrant defendant to claim a defect in the indictment at the time of the second trial. We find that the facts do not support a conclusion that the jury acquitted defendant of two offenses at the conclusion of the first trial.
Engaging as a clerk in a lottery operation and possession of lottery slips are separate and distinct offenses. An examination of N.J.S.A. 2A:121-3 indicates a scheme to prohibit all phases of a lottery operation. Although the charges arose from a single set of facts  presence in a room in which an adding machine and lottery slips are present  possession of lottery slips is not dependent on proof that the person is knowingly engaged in clerical operations in furtherance of a lottery. Possession requires an intent to exercise control over an object and the effective realization of that attitude. This attitude may be realized if the person is in actual control of the material or has the present ability to exercise control to the exclusion of others. State v. Labato, 7 N.J. 137, 148 (1951); State v. Brown, 67 N.J. Super. 450 (App. Div. 1961). The existence of clerical duties, such as *538 tabulating and/or collating wagers, is not an integral part of the offense of possession.
The "same evidence" test is of no help to defendant. As explained in Labato, the emphasis is placed on whether the same evidence is utilized to prove the same fact. There, the ultimate fact litigated in both prosecutions was possession. Here, it appears that virtually the same evidence was employed to prove employment and possession.
Reversed and remanded for trial.