STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FRED
VARLESE, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ANDREW SIMONSEN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1979—Decided December 3, 1979.

Before Judges SEIDMAN, MICHELS and DEVINE.

*Charles Frankel* argued the cause for appellant Fred Varlese.

*John R. Ford* argued the cause for appellant Andrew Simonsen (*Auerbach, Rudnick, Waldman* and *Ford,* attorneys; *John R. Ford* of counsel and on the brief).

*Keith Endo,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General of New Jersey, attorney; *Keith Endo* of counsel and on the brief).

The opinion of the court was delivered by

SEIDMAN, P. J. A. D.

The subject matter of these appeals, consolidated on the court's own motion, is defendants' conviction at a jury trial of obtaining money under false pretenses, in violation of *N.J.S.A.* 2A:111–1, and of misconduct in office, contrary to *N.J.S.A.* 2A:85–1. Defendant Fred Varlese was sentenced to the payment of a fine of $500 on each count. He was also ordered to "pay back all money involved." A fine of $1000 on each count was imposed in the case of defendant Andrew Simonsen, who was also directed to make restitution in like manner. Neither defendant was placed on probation.

Defendants, who were duly appointed commissioners of the Bayshore Regional Sewerage Authority, which operates a sewerage system for its member municipalities in Monmouth County, were authorized to attend, cost-free, a convention in Denver, Colorado, from October 6 through 11, 1974, held under the sponsorship of the Water Pollution Control Federation. Defendants and another commissioner obtained round-trip airline tickets, paid for directly by the Authority, and flew to Denver, registering at the convention center for the full five-day period. On October 8, the three commissioners decided to leave Denver and fly to Las Vegas for the remainder of the week.

When they returned to New Jersey the three commissioners submitted receipts for expenses incurred in both Denver and Las

Vegas. At their request the Authority's executive director prepared vouchers for their signatures. The vouchers were approved by the Authority's finance committee, of which Simonsen was chairman, and were paid by the Authority.

Subsequently, an investigation by the Monmouth County Prosecutor's office of another matter uncovered the vouchers and led to the indictment of defendants and the third commissioner. The latter entered a plea of guilty at the trial after the jury was impaneled but before the opening statements of counsel and the presentation of evidence. The plea was, of course, taken outside the presence of the jury.

Varlese contends on appeal that (1) the trial judge erred in denying his motion for a mistrial based upon the "entry of the guilty plea by a co-defendant and the press coverage related thereto"; (2) the indictment contained defects which "compel its dismissal"; (3) the trial judge committed reversible error in refusing to charge the jury that reliance is an essential element of the offense of obtaining money under false pretenses; (4) the convictions on the two counts should have been merged, as they were based upon the same facts, and (5) the prosecutor's comments in summation were "unduly inflammatory and prejudicial to defendant."

The appeal of Simonsen is limited to two contentions: that a single sentence should have been imposed since the two counts arose out of a single criminal episode or transaction, and that it was improper to require restitution "of the total amount of the cost of the convention trip, rather than the lesser amount charged in the Indictment and proven at trial."

Prior to oral argument we requested counsel to submit supplementary letter memoranda on the following matters raised by us on our own motion:

    1. If the court should conclude, as argued by defendant Varlese, that the trial judge did not properly charge the jury on the issue of reliance with respect to the count for obtaining money under false pretenses; and if the court should further conclude that the conviction on that count should merge with the

conviction for misconduct in office, would the remedy be simply to merge the conviction for obtaining money under false pretenses into the conviction for misconduct in office?

2. If the court in the *Varlese* case should conclude that there was reversible error in one or more respects on matters not argued by defendant Simonsen, is not this defendant also entitled to the benefit of that determination?

3. May a trial judge, in imposing a sentence which does not contain a probationary term, order restitution by the defendant?

All counsel are substantially in accord that if any of the contentions advanced by Varlese alone should lead to a reversal of his conviction, whether on one count or both, it would be unfair not to extend the benefit of such determination to Simonsen, despite his failure to raise the same issue or issues on his appeal.

We reject at the outset Varlese's assertion that the indictment was defective. The argument made, primarily as it relates to the count for obtaining money under false pretenses, is that the indictment failed to charge that the Authority relied on any false representations and was induced to part with its funds based on such reliance. While reliance is an essential element of the crime of obtaining money under false pretenses, *State v. Boratto,* 80 *N.J.* 506 (1979), we know of no authority for defendant's proposition that the fact of reliance must actually be averred in the indictment. The indictment here sufficiently charged the offense of obtaining money under false pretenses. *See State v. Boratto, supra* at 518–521; *cf. State v. Zeek,* 120 *N.J.L.* 322 (Sup.Ct.1938), aff'd o. b. 121 *N.J.L.* 584 (E. & A.1939).

We also find no merit in the contention concerning the prosecutor's remarks in summation. The comments of which defendant complains did not in our view exceed the bounds of propriety. But if any did, we are nevertheless convinced that sufficient prejudice did not result so as to warrant a reversal.

As for the denial of the motion for a mistrial, defendant asserts that his conviction was based not solely upon the evidence presented at the trial but at least in part upon the

prejudicial impact of articles in local newspapers publicizing the guilty plea entered by the codefendant. The trial transcript establishes that on the first day of the trial the trial judge warned the jury not to consider the codefendant's absence from the courtroom. At the close of that day's session he carefully instructed the jury to avoid speaking to anyone or reading anything about the case. On the next day he particularly cautioned the jury, "in fairness, common fairness," not to read any article concerning the case that might appear in the local newspapers, emphasizing that the case would be tried "by what you hear in the courtroom not what you read in the newspaper or not what you hear on the radio." At the close of the evidence the jury was once again warned not to "review, or look at, or listen to any reports of the case that you might hear from anyone, including the newspapers, as well as what you may hear on the radio." During his charge to the jury, the trial judge adverted to his "warning remarks concerning reading, or seeing or hearing outside matters related to the case," and carefully instructed the jury to decide the case only on the evidence produced in the courtroom.

We think it would have been prudent for the trial judge on his own motion to question the jurors concerning their exposure to the news media, cf. State v. Reddy, 130 N.J.Super. 14, 18–19 (Law Div.1974), aff'd 137 N.J.Super. 32, 37–38 (App. Div.1975). But we are not persuaded that the absence of such interrogation or the denial of the motion for a mistrial resulted in manifest injustice to defendants, taking into account the trial judge's repeated warnings and instructions to the jury and, particularly, the strong evidence in the record of defendant's guilt at least on the charge of misconduct in office.

Defendant contends further that the trial judge's charge on obtaining money under false pretenses lacked the essential element of reliance, and that this error, coupled with the refusal to give the jury a curative or supplementary instruction thereon, was prejudicial. We agree. Since reliance is an essential ele-

ment of the offense of obtaining money under false pretenses, *State v. Boratto, supra,* 80 *N.J.* at 521, the jury must be "clearly charge[d] . . . that it was required to determine beyond a reasonable doubt, in order to convict, that the false representations or pretenses were relied on by someone, leading ultimately to defendant's obtaining money." *Ibid.*

Here, on the essential elements of the crime of obtaining money under false pretenses, the trial judge instructed the jury as follows:

> . . . To find the defendant guilty as to this count you must find that the defendant [*sic*] vouchers, or claims, were knowingly false, and *as a result of* this falsity, each did, in fact, receive money knowing that they were not entitled to receive the same, and received the same by reason *of those knowingly false representations.* [Emphasis supplied]

We are satisfied that the words "as a result of" and "by reason of" were not sufficient to convey to the jury the concept of reliance. At best, the phrases are ambiguous, since they are open to the interpretation that defendants received improper payment because of or notwithstanding misrepresentations, rather than by virtue of the Authority's reliance thereon. This is particularly so here in light of proof in the record that the wrongful inclusion of the expenses referrable to the Las Vegas side trip was known to some of the commissioners and may have been clearly apparent to the others, but disregarded by them.

*Boratto* compels a reversal of the conviction of obtaining money under false pretenses. Whether a remand for a new trial should be ordered depends upon the issue of merging the two counts. It is to be noted, initially, that the common law offense of misconduct in office, encompassed within *N.J.S.A.* 2A:85–1, is a misdemeanor, as is the offense of obtaining money under false pretenses, *N.J.S.A.* 2A:111–1. The penalty for each upon convic-

tion is the same, a fine of not more than $1,000 or imprisonment for not more than three years, or both. *N.J.S.A.* 2A:85–7.

It is clear from the text of each indictment that the factual basis for the two counts is identical. The allegations in the counts for receiving money under false pretenses recite in detail, as to each of these defendants, a false representation of having attended a convention in Denver and submitting a voucher for expenses incurred, whereas part of those expenses were in fact not chargeable to attendance at the convention. The counts further charge that defendants, as a result of the false representations and with intent to cheat and defraud, received money from the Sewerage Authority. The counts relating to misconduct of office, after alleging that these defendants were duly sworn and constituted commissioners of the Authority, occupying a position of public trust, charge that defendants "did betray that public trust *by obtaining money under false pretenses* from the Bayshore Regional Sewerage Authority, *as more particularly set forth in the First Count of this Indictment.*" (Emphasis supplied). It is thus readily apparent that the factual underpinning of both counts is the same, *i. e.,* the alleged obtaining of money under false pretenses is the identical conduct which, under the second count, constituted the alleged misconduct in office.

■ *State v. Best,* 70 *N.J.* 56, 62 (1976), espouses a "flexibility of approach" to the problem of merger of offenses.

> This approach contemplates a multi-faceted analysis which would consider the nature of the offenses, the time and place of each offense, whether the evidence submitted as to one count of an indictment is necessary and/or sufficient to sustain a conviction under another count, whether one offense is an integral part of the larger scheme, the intent of the accused and the consequences of the criminal standards transgressed. [at 63]

Applying this test, we are satisfied not only from the contents of the indictment but also from the evidence produced at the trial that the commission of the crimes was established by virtually

identical evidence and that a single transaction was involved for which defendants should not be punished twice.

For this reason we perceive no useful purpose in remanding the first count of the indictments for a new trial. Since we conclude that the conviction on the second count should be affirmed, it will suffice, as to each defendant, simply to reverse and vacate the conviction and sentence on the first count. *Cf. State v. Moran,* 73 *N.J.* 79, 82 (1977).

Finally, we turn to the restitution question raised by us on our own motion. As indicated, Varlese did not address this issue in his brief and Simonsen complained only of the quantum of the restitution ordered by the trial judge. However, we cannot properly deal with Simonsen's contention without considering the larger issue of whether, under the law in existence at the time,[1] restitution could be ordered in the absence of the imposition of a probationary term.

■ It was beyond the power of the trial judge to impose a penalty not found in the statute. *See State v. Fair Law Service Center, Inc.,* 20 *N.J.* 468, 473 (1956). We held in *State v. Wright,* 156 *N.J.Super.* 559, 562 (App.Div.1978), that while restitution of moneys unlawfully obtained is specifically authorized as a condition of probation under *N.J.S.A.* 2A:168–2, *see State v. Harris,* 70 *N.J.* 586, 592–593 (1976), there was no authority whereby the requirement may be imposed as part of a custodial sentence. Authority was equally lacking for ordering restitution where the penalty imposed was a fine. Accordingly, in the

---

[1] The Code of Criminal Justice now specifically provides that a person who has been convicted of an offense "may be sentenced to pay a fine, to make restitution or both . . . ." *N.J.S.A.* 2C:43–3. It is further provided in *N.J.S.A.* 2C:44–2 that, subject to certain criteria, a defendant may be sentenced to pay a fine or make restitution in addition to a sentence of imprisonment or probation.

case of both Varlese and Simonsen, so much of the judgment of conviction as orders restitution is vacated.[2]

Insofar as they relate to the count for obtaining money under false pretenses, the judgments of conviction are reversed and the imposition of a fine is vacated.

So much of the judgments of conviction as orders restitution is vacated. As so modified, the conviction of each defendant for misconduct in office and the fine imposed thereon is affirmed.

---

[2]We were informed at oral argument that both defendants have made restitution to the Authority in compliance with the order. Our determination of the matter is not to be construed in any manner as an express or implied holding that the Authority must reimburse defendants. We express no view on the Authority's right to retain the moneys in whole or in part as damages it would be entitled to recover from defendants in a civil action.