## LAING v. UNITED STATES.

### No. 9878.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1944.

No counsel has entered an appearance in this cause.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

## PER CURIAM.

Petitioner was indicted for falsely impersonating an officer of the United States, in violation of 18 U.S.C.A., § 76, and in a second count for the theft of property of the value of $100, in valuation of 18 U.S.C. § 466. He was found guilty on both counts, and on March 10, 1941, was given a general sentence of five years' imprisonment. The maximum imprisonment for violation of § 76 is three years. The maximum imprisonment for violation of § 466 is ten years if the property taken exceeds $50 in value or is taken from the person of another.

Petitioner is at present confined in the medical center for federal prisoners at Springfield, Missouri. He applied to the United States District Court for the Western District of Missouri for leave to file an application for writ of habeas corpus in forma pauperis. That court held that the case was one for correction of sentence, and denied the application on the ground that it should have been presented to the sentencing court in the Eastern District of Michigan. The petitioner then filed in this court a petition denominated "Motion to Have Judgment Vacated and Correction of Sentences in Accordance to Law and Federal Statutes. (In Forma Pauperis.)" It is his principal contention that the offense defined in count two was part of the offense charged in count one, making two separate sentences improper, and that the

maximum penalty for count one (§ 76) is three years, which he has already served.

Section 76 may be violated by mere impersonation with intent to defraud, as defined in the section, without proof of obtaining money or property by the deception. Kane v. United States, 8 Cir., 120 F.2d 990; Elliott v. Hudspeth, Warden, 10 Cir., 110 F.2d 389. Moreover, the crime defined in § 466 is not embraced in § 76. While the two offenses may arise out of the same transaction, in order to establish the crime of larceny it is not necessary to prove impersonation, which is the principal offense charged in § 76. Since the two charges require different evidence for conviction, the offenses are separate. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; McGinley v. Hudspeth, Warden, 10 Cir., 120 F.2d 523. The sentence of five years was clearly authorized under the larceny count In Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, relied on by petitioner, it was conceded that the two counts involved but one crime; but here the offenses charged are separate.

We are aware that a number of decisions have held that under circumstances such as this, where a general sentence is imposed under an indictment containing more than one count, no error exists so long as the sentence does not exceed the aggregate of punishment which could have been imposed under the several counts. Jones v. Hill, Warden, 3 Cir., 71 F.2d 932; United States v. Sposato, 2 Cir., 73 F.2d 186; Rice v. United States, 9 Cir., 7 F.2d 319; Ross v. Hudspeth, Warden, 10 Cir., 108 F.2d 628. However, we think it the more modern practice not to condone the loose imposition of general sentences upon multiple counts of an indictment. Moss v. United States, 6 Cir., 132 F.2d 875.

The trial court should have indicated the term of imprisonment applicable to each count, and whether the sentences were to run consecutively. However, since no appeal was taken, this court has no jurisdiction to review the proceedings. The petitioner should apply, if he so desires, to the sentencing court for correction of sentence. Lockhart v. United States, 6 Cir., 136 F.2d 122.

The petition is dismissed.