**Willis C. WASHINGTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12821.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1955.

Decided March 8, 1956.

Mr. Everett M. Raffel, Washington, D. C., for appellant.

Mr. John D. Lane, Asst. U. S. Atty., for appellee.

Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll, Alfred Hantman and Joseph M. Hannon, Asst. U. S. Attys., were on the brief for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Under an indictment containing two counts appellant was convicted of unlawful entry, a violation of § 22–1801, D. C.Code, 1951, first count, and of possession of implements of crime, namely, two

**358**

crowbars, a violation of § 22–3601, D.C. Code, 1951, second count.

 In Benton v. United States, 98 U.S.App.D.C. ——, 232 F.2d 341, recently decided, we have held section 22–3601 to be unconstitutional in its application to such tools as are here involved. The conviction on the second count of the indictment, therefore, cannot be affirmed. With respect, however, to the unlawful entry count, we find no error affecting substantial rights. And since the sentence was a general one of imprisonment for 15 to 45 months, less than could have been imposed for the unlawful entry conviction alone,[1] there are decisions to the effect that the judgment could be affirmed without considering the conviction under section 22–3601. Pinkerton v. United States, 328 U.S. 640 note 1, 66 S. Ct. 1180, 90 L.Ed. 1489, is illustrative.[2] But since we have held section 22–3601 to be unconstitutional as applied to such facts as those here present, the procedure followed in Nelms v. United States, 94 U.S.App.D.C. 267, 215 F.2d 678, is preferable, insofar as adaptable to the present case. Accordingly, the case will be remanded with directions to the District Court either to modify the judgment by setting aside the verdict on the second count based upon section 22–3601, and dismissing that count, or, in the alternative, to vacate the judgment entirely, set aside the verdict on the second count, dismiss that count, and resentence appellant by reason of his conviction on the first count, for unlawful entry.

It is so ordered.

WILBUR K. MILLER, Circuit Judge (concurring in part and dissenting in part).

I concur in the court's affirmance of Washington's conviction under the unlawful entry count.

For the reasons given in my dissent in Benton v. United States, 1956, 98 U.S. App.D.C. ——, 232 F.2d 341, I regard as constitutional the statute under which Washington was convicted of possessing implements of crime. I must therefore dissent from the action of the majority with respect to Washington's conviction under the burglary tools count. I would affirm under that count also.

---

1. Section 22–1801 permits a sentence of imprisonment for not more than 15 years.
2. For an excellent discussion of the contrary view by the highest court of a state, see State v. Kaufman, 18 N.J. 75, 112 A.2d 721. See, also, Commonwealth v. Hull, 296 Mass. 327, 5 N.E.2d 565;

Robinson v. United States, 6 Cir., 30 F. 2d 25. And in Laing v. United States, 145 F.2d 111, 112, the Sixth Circuit condemned "the loose imposition of general sentences upon multiple counts of an indictment." See, also, Moss v. United States, 6 Cir., 132 F.2d 875.