**Josiah HART, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 3127, 3128.**

District of Columbia Court of Appeals.

Argued Dec. 10, 1962.

Decided Jan. 18, 1963.

John J. Dwyer, Washington, D. C., for appellant

Robert A. Levetown, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Nathan J. Paulson and Max Frescoln, Asst. U. S. Attys., were on the brief, for appellee. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant Hart and three other men were charged with attempted housebreaking. Code, 1961, Sec. 22–1801 and Sec. 22–103. Appellant was also charged with carrying a dangerous weapon, a pistol, without a license. Code, 1961, Sec. 22–3204. The two cases were consolidated for trial by jury. The result was conviction of all defendants. Only Hart has filed an appeal.

Appellant complains that there was insufficient evidence to sustain his conviction on either charge. The record fails to support this contention. Suffice it to say there was competent evidence of an attempt, or aid in the attempt, by appellant,

together with several other men, to enter an office building at night. Physical signs of tampering were noted at the point of attempted entry. Appellant was validly convicted on the attempted housebreaking charge.

█ Appellant raises additional questions respecting his conviction for carrying a dangerous weapon. As the same sentences were imposed upon appellant for the two different offenses to run *concurrently* and we are convinced that there was competent evidence to sustain his conviction for the first charge, it is not necessary to examine his contentions concerning the other charge.[1]

█ We have also considered appellant's contention that he was denied effective assistance of counsel. The record reveals that during the first part of the trial there were frequent exchanges between appellant's attorney and the court concerning certain trial tactics and that, after a stern admonition from the Court, appellant's counsel announced he would no longer participate on behalf of his client. There was no evidence of any unreasonable or improper restraint upon counsel. At most it appears that he unjustifiably decided to take no further active part in the remainder of the trial. That he elected not to do so was no error on the court's part. That was his own decision. Furthermore, counsel was in attendance at all times to advise his client and to take proper action in his defense. The jury was properly instructed as to the law and no objections were noted. The orderly conduct of a trial is necessarily under the control of the presiding judge, and we find no such abuse by the court in the control of the trial as would prevent proper representation by counsel.

Affirmed.

1. Gibson v. United States, 106 U.S.App. D.C. 10, 13, 268 F.2d 586 (citing Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Matthews v. United States, 100 U.S.App.D.C. 28, 240 F.2d 890).