**Thomas A. TERESI, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 3116.

District of Columbia Court of Appeals.

Argued Nov. 26, 1962.

Decided Jan. 18, 1963.

Rehearing Feb. 1, 1963.

Rex K. Nelson, Washington, D. C., for appellant.

William C. Weitzel, Jr., Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Nathan J. Paulson and Harry K. Schwartz, Asst. U. S. Attys., were on the brief, for appellee. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by the court of carrying a pistol in violation of Code 1961, 22–3204. On appeal he contends that there was no probable cause justifying his arrest and the search of his person and that his motion to suppress should have been granted.

The evidence introduced by the prosecution may be summarized as follows: Police Officer Murphy and his partner received a radio report that two white males were wanted in connection with a holdup and robbery of a motel in their vicinity. One was described as being five feet ten, wearing a long green coat; the other, shorter, with long sideburns and dark hair. The police officers proceeded to a restaurant located in the vicinity of the motel. Officer Murphy's partner entered the restaurant, saw appellant, and returned to inform Officer Murphy that "there were two subjects in there that could fit the description of the older boy." Officer Murphy went in the restaurant and encountered appellant in the company of a known felon in the lobby of the men's restroom. Appellant was wearing a green finger-tip length jacket, and Officer Murphy testified that "his coat was open and I observed a bulge which I took for the handle of a pistol." Appellant was ordered to

face and place his hands against the wall. He was searched, and the pistol was removed from under his shirt.

Appellant testified that he had purchased the pistol that day and had stopped at the restaurant en route home.[1] He stated that his coat was loose fitting and that no bulge was visible. We must decide whether the police officer had probable cause under the facts and circumstances to arrest and search appellant.

"The question as to what circumstances constitute probable cause cannot be determined by any fixed formula, but must be resolved on the facts of each individual case."[2] Considering the information possessed by the police that there had been a holdup and robbery in the neighborhood, the close resemblance between the clothing worn by one of the robbers and appellant, the fact that he was accompanied by a known felon, and that the officer observed a bulge under his shirt resembling a pistol, we are convinced the evidence was such as to establish probable cause justifying the arrest, and once made, the search, incident thereto, was lawful. We hold that under the circumstances of this case the motion to suppress was properly denied.

The remaining error urged by appellant is without merit.

Affirmed.

1. It was later ascertained that appellant was not implicated in the holdup and robbery of the motel.

2. Mathis v. United States, D.C.Mun.App., 129 A.2d 178, 179 (1957).