**Ernest A. SCOTT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17515.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1963.

Decided April 30, 1963.

Mr. James H. French, Washington, D. C., with whom Mr. Eldon H. Crowell, Washington, D. C. (both appointed by this court) and Mr. Robert L. Ackerly, Washington, D. C., were on the brief, for appellant.

Mr. Robert A. Levetown, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before MAGRUDER, Senior United States Circuit Judge for the First Circuit,* WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This appellant was acquitted on a charge of purchase, sale or distribution of a narcotic drug, but was found guilty by a jury of facilitating concealment of narcotics. It is now contended for the first time that the trial judge should not have admitted in evidence a cigarette package dropped by the accused as an officer approached. The package contained five gelatin capsules of heroin. No motion to suppress was made and no objection to the receipt of the evidence was voiced during the trial. Able counsel appointed by this court further argues that the Government's expert chemist, whose qualifications were conceded at trial, should not have been permitted, despite the absence of objection, to testify that opium is not grown in the United States.

In Fuller v. United States, 53 App.D.C. 88, 91, 288 F. 442, 445 (1923), we said: "The general and obviously salutary rule is that objection to the admissibility of evidence should be made at the time it is offered and the grounds therefor stated." Over the intervening years, "We frequently have pointed out that objections to the receipt of evidence should be made in the trial court." White v. United States, 114 U.S.App.D.C. 238, 314 F.2d 243 (1962). Appellant would have us say notwithstanding the

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.Code.

state of the record before us, that his conviction should be reversed.

On the contrary, we are satisfied there was no error affecting substantial rights. See Fed.R.Crim.P. 52(b).

Affirmed.