James E. PARIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17382.

United States Court of Appeals District of Columbia Circuit.

Argued May 28, 1963.

Decided June 27, 1963.

---

Mr. Charles H. Quimby (appointed by this court), Washington, D. C., for appellant.

Mr. Tim Murphy, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and McGOWAN, Circuit Judges.

## PER CURIAM.

This appeal is from a conviction of carrying a dangerous weapon without a license, in violation of 22 D.C.Code § 3204. At the trial appellant was acquitted of housebreaking and larceny, with which he was also charged in the same indictment.

A pistol was obtained from the person of appellant when he was arrested. Before trial he moved to suppress this evidence, claiming the arrest was unlawful. After a hearing on the motion it was denied. The pistol was admitted in evidence at the trial and the question we have is whether this was error, which in turn depends upon whether the arrest was lawful.

■ Since there was no arrest warrant we must decide whether the officer had probable cause to believe that an offense had been committed and that the appellant had committed it. We bear in mind that there is a "difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search." Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879 (1949). "In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. 338 U.S. 175, 69 S.Ct. at 1310, 93 L. Ed. 1879. And see Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959), and Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

■ Appellant contends that the officer had no probable cause to believe that a housebreaking had been committed or to believe appellant was the offender. We think he did. The circumstances of the arrest which lead us to this conclusion are now stated.

The officer received a radio message to come to the place of business of the National Casket Company, where appellant and one Benjamin Hall, whose mother's home was the one broken into, were employed. On the way there the officer came up with appellant and Hall, neither of whom the officer knew. Hall advised the officer that his mother's house had been broken into while he and his mother were attending a funeral, that the crime had been reported to the Fifth Precinct, and that he had seen the appellant near the house shortly before the time the break-in occurred, though he had never before seen him in that area. Hall told the officer that appellant drove by the house slowly in the automobile of a fellow employee when Hall and his mother were leaving for the funeral, and that when he waved to appellant the latter ducked or made other furtive gestures. Hall described to the officer how upon returning to the house with his mother it was found that bonds, a sum of money, and two guns were missing. Hall said that subsequently he began to suspect appellant, went to the Casket Company and checked appellant's time card, which showed that he had been away from work during the time the crime was committed. Hall

noticed bulges in appellant's pockets, confronted him, and requested appellant to empty his pockets and establish his innocence, which he refused to do. Hall told the officer appellant "started acting like he was going to walk out," so Hall had another person summon the police, and by the time they arrived Hall and appellant were out on the street, half a block from their place of employment. The officer, after listening to Hall, approached appellant, who appeared nervous, and told him what Hall had reported. Appellant denied committing the crime, whereupon the officer asked him how much money he was carrying, and appellant showed him one hundred and twenty-three dollars. The officer propounded a series of questions, and was told by appellant that he earned $60–$70 per week, had seven children, had saved up the sum he was carrying and had only that day withdrawn it from his bank, but for no accountable purpose. The officer decided to make the arrest, to which the search and seizure of the gun were incidental.

Doubts which we might entertain about the sufficiency of the information on the basis of which the arrest was made are resolved in favor of its validity by the strong belief held by Hall, communicated to the officer, that appellant was the one who had broken into his mother's home, and the basis for that belief. The two men were not strangers; they were fellow employees at the same establishment. Due to their close association Hall was able to come to a more definite conclusion, arising from appellant's conduct, than otherwise might be the case. This, coupled with the officer's observation and other information he learned from both Hall and appellant, gave him as a prudent officer cause to believe both that the purported offense had taken place and that appellant was the one who had committed it. The arrest being lawful, the pistol obtained incidentally thereto was not inadmissible if it constituted relevant and material evidence, as to which there is no dispute.

Affirmed.