**Willie D. HEARD, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3367.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1964.

Decided Feb. 28, 1964.
Rehearing Denied March 26, 1964.

Milton Conn, Washington, D. C., for appellant.

Martin R. Hoffmann, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Gerald Gilbert, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of carrying a deadly weapon without a license in violation of our Code Section 22–3204. He contends that the weapon was seized pursuant to an arrest made without probable cause and therefore the trial court erred in denying his motion to suppress the evidence.

About 2 a. m. on the morning of April 19, 1963, appellant was seen by two police officers entering an automobile in the 100 block of Eye Street, N. W. The officers were then proceeding under a housebreak-

ing lookout for a Negro male, on foot, wearing a blue shirt. The housebreaking had occurred in the immediate vicinity (the 800 block of First Street, N. W.), and the officers had turned on the flashing red light of the police cruiser. One of the officers noted that appellant was wearing a blue shirt. As the police cruiser approached, appellant drove his car from the parking space toward the intersection of First and Eye Streets, N. W. At the corner he began making a U-turn which prevented the police cruiser from continuing through the intersection. The officers stopped and ordered appellant to step out of his car. As he emerged they noticed a bulge in his right front pocket. A subsequent search revealed a loaded revolver. Appellant was then taken to police headquarters where he was charged with making a U-turn at a controlled intersection. He was subsequently absolved from any participation in the housebreaking.

■ In determining whether there was probable cause to arrest appellant, we must look to the evidence upon which the police officers acted at the time the arrest was made. Gatlin v. United States, D.C.Cir., 326 F.2d 666 (1963).[1] As Judge Prettyman has said:

"The sum total of the reams that have been written on the subject is that a peace officer may arrest without a warrant when he has reasonable grounds, in light of the circumstances of the moment as viewed through his eyes, for belief that a felony has been committed and that the person before him committed it. We require police officers to be reasonable; we too must be reasonable." Bell v. United States, 102 U.S.App.D.C. 383, 388, 254 F.2d 82, 87 (1957), cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958).

At trial and upon oral argument the government urged that the officers had probable cause to arrest appellant for a traffic violation committed within their view (the U-turn). The officers' testimony, however, reveals that appellant was arrested in connection with the reported housebreaking. The question before us is whether they had probable cause to arrest appellant for that offense.

Appellant has argued that the case at bar is indistinguishable from Gatlin v. United States, supra. There Judge Wright, speaking for the majority, found:

"* * * The only evidence on which the arrest was predicated was the fact that there was a robbery, that one of the robbers was a Negro wearing a trench coat, that a Negro man fled from a taxi, and that Gatlin, a Negro man, was observed walking down the street a mile and a half from the robbery wearing a trench coat. This is not the type of evidence which would justify deprivation of liberty. * * *" (At pages 670–671 of 326 F.2d.)

While the lookout here is similar to the one which was struck down in Gatlin, the issue presented is how a reasonable, cautious and prudent peace officer would view *these* circumstances. We are dealing with probabilities, and probabilities deduced from a set of circumstances taken in combination, not singly. Bell v. United States, supra, 102 U.S.App.D.C. at 388, 254 F.2d at 87. We think the case at bar is distinguishable and presents a factual situation more closely resembling that in Ellis v. United States, 105 U.S.App.D.C. 86, ·264 F.2d 372 (1959), cert. denied 359 U.S. 998, 79 S.Ct. 1129, 3 L.Ed.2d 986; Bell v. United States, supra, and Teresi v. United States, D.C.App., 187 A.2d 492 (1963).

■ Here we have two police officers proceeding under a housebreaking lookout for a Negro male, on foot, wearing a

1. The arrest was complete when appellant was ordered to step out of his car.

blue shirt.[2] The hour is 2 a. m. and as they approach the immediate vicinity of the housebreaking they see appellant, a Negro male, wearing a blue shirt, on foot, entering an automobile.[3] With the red light of the police cruiser already flashing, the officers follow appellant to the first intersection where he attempts to make a U-turn. Instead he blocks their further passage. Under these circumstances, what should the officers have done? Let appellant complete the U-turn and disappear in the dark of night? We think their duty required otherwise. We hold the arrest was legal.

In Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949), Mr. Justice Rutledge stated:

"These long-prevailing standards [for the determination of guilt] seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

We think that reasonable, cautious and prudent police officers had probable cause to arrest appellant under the circumstances here presented. To hold otherwise would sacrifice the community's protection in the name of individual liberty. It would not, in the words of Mr. Justice Rutledge, seek to "accommodat[e] these often opposing interests."

Affirmed.

---

2. At this point the resemblance with Gatlin ends.

3. In Gatlin the suspect was arrested almost two hours after the lookout was received and at a spot a mile and a half from the place where the robbery occurred.