Dan A. PETTAS, Appellant,

v.

UNITED STATES, Appellee.

No. 3505.

District of Columbia Court of Appeals.

Argued July 13, 1964.

Decided Aug. 28, 1964.

---

Arthur A. Peisner, Washington, D. C., for appellant.

Allan Palmer, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant was convicted by a jury of the offense of petit larceny, 22 D.C.Code, § 2202 (1961).

Prior to trial a motion to suppress certain evidence seized at the time of arrest was made by appellant on the ground that his arrest had been without probable cause and therefore the search and seizure were illegal. The overruling of this motion and the admission of the evidence in question are the only errors charged by appellant.

In the present case there was no arrest warrant. In deciding whether the search and seizure were lawful, we must examine and weigh the information, received by the officer at the precinct and broadcast by him for the arrest of appellant and a companion, to determine whether he acted reasonably in reaching the belief that an offense had been committed and that appellant was involved and in flight with his companion from the scene of the crime.[1] If he acted reasonably upon such information in issuing the broadcast for the arrest, then the arresting officers validly apprehended the fleeing car and its occupants.[2]

1. Bell v. United States, 102 U.S.App.D.C. 383, 388, 254 F.2d 82, 87 (1958), cert. denied 358 U.S. 885, 79 S.Ct. 126, 3 L. Ed.2d 113; Heard v. United States, D.C.App., 197 A.2d 850 (1964); Teresi v. United States, D.C.App., 187 A.2d 492 (1963).

2. Paris v. United States, 116 U.S.App.D.C. 112, 321 F.2d 378 (1963); Williams v. United States, 113 U.S.App.D.C. 371, 372, 308 F.2d 326, 327 (1962).

When the police department possesses information which would support an arrest without a warrant, the arresting officer, if acting under orders based upon that information, need not personally or first hand know all the facts. The test is whether a prudent and cautious officer under the circumstances would have reasonable grounds —not proof or actual knowledge—to believe that a crime had been committed and that appellant was the offender.[3]

 What constitutes probable cause cannot be determined by any fixed formula but must be resolved from the facts of each individual case. As Mr. Justice Rutledge said in Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949), reh. den. 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513:

> "The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

Whether there was probable cause to arrest appellant must be found from the testimony of the service manager of a department store, which testimony comprised the information given to the officer at the police station and then relayed to the arresting officers. At trial he related he had observed a man (later identified as one Washington[4]), who moments earlier had declined his offer of assistance, run through a rear entrance to the store, passing within six feet from him; that at this time he observed a bulge under the man's coat and that he appeared to be concealing something underneath it; that because he thought these circumstances were unusual, he went to another entrance where he saw the man get into a waiting car and be driven away. The witness testified that when he returned to the store about ten minutes later he again saw Washington who, when he realized the manager was watching him, darted out the back door. The witness ran after him and saw him flee in the same car. He chased it and was able to obtain an exact description of the car and its license number. Upon his return to the store, the witness checked the clothing racks in the area where he had observed Washington and ascertained some items were missing. He then reported these facts by telephone to the officer on duty at the area precinct.[5]

 We have no difficulty in finding that the arresting officers, in acting upon this information relayed to them through the precinct officer, had probable cause for apprehending appellant and, in so doing, were acting reasonably and prudently.

 Appellant also argues that because the trunk of his car was not searched until after they reached the precinct, this amounted to such delay as to affect the validity of the search and seizure. The record indicates it was necessary for the officers to accompany appellant to his residence to secure the trunk key, at which time he objected to the opening of the trunk in front of his home in order to avoid any embarrassment before his neighbors. The two officers complied with his request and did

3. Williams v. United States, supra, note 2.

4. Washington was jointly charged with appellant (the driver of the get-away car) but prior to trial pled guilty and is therefore not involved in this appeal.

5. Within twenty minutes Washington and appellant were returned to the store by the police in the described get-away car. Washington was definitely identified by the witness as the man he had seen fleeing from the store. Appellant at this time was wearing a coat bearing the store label which the witness recognized as the only coat of its type in the store prior to the incidents here related. He testified there was no record that the coat had been sold. A second coat, removed from the car trunk, he identified by its store label. It still bore the original sales tag.

not open the trunk and search it until the car was taken to the precinct.[6] Even so, the interval between the actual arrest and the search and seizure was quite short and any delay was for the accommodation of appellant. Under the circumstances, we find no invasion of appellant's rights.[7]

We hold that the clothing was seized pursuant to a lawful arrest made on probable cause and that the trial court was correct in overruling the motion to suppress. The garments, being otherwise legally admissible and competent to prove the guilt of appellant, were properly admitted at trial.

The judgment of conviction is therefore

Affirmed.

6. The second coat was found at this time.

7. Cf. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 674 (1964) where the Supreme Court held that a search of a car at a precinct subsequent to arrest was too remote in time or place to have been made incidental to the arrest. We believe that the search here was incidental to the arrest since it was postponed a short time only at appellant's request.