Sidney C. DAVIS and Charles L. Colbert, Appellants,

v.

UNITED STATES, Appellee.

Nos. 4220, 4221.

District of Columbia Court of Appeals.

Argued May 1, 1967.

Decided June 13, 1967.

Bruce Montgomery, Washington, D. C., appointed by this court, for appellants.

Joseph J. Tafe, Philadelphia, Pa., pro hac vice, by special leave of Court, with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired). '

CAYTON, Judge:

Appellant Colbert was charged with possession of narcotics, possession of the implements of crime, attempted housebreaking and petit larceny.[1] Appellant Davis was charged with attempted housebreaking and petit larceny. Trial without a jury resulted in their convictions.[2]

Testimony revealed that the arresting officers received a call at about 5:03 a. m. from a police dispatcher informing them that a housebreaking was in progress at a specified location. They were warned to be on the lookout for three men, one wearing a yellow shirt and dark pants, another dressed in a blue shirt and light pants and the third wearing a white shirt. Two or three minutes later the officers were within one block of the scene of the crime and saw the two appellants who matched the descriptions given. (Appellant Colbert wore a blue shirt and light pants; Davis was attired in a yellowish green shirt ["more green than yellow"] and dark pants; a third man was apparently never appre-

hended.) Both were moving away from the scene of the crime "at a trot."

Appellants were arrested, warned of their constitutional rights and searched; the search uncovered the narcotics paraphernalia for which Colbert was charged. The officers and appellants then proceeded to the store which had been broken into. The store owner lived above it and admitted the officers who observed the unlawful means of entry, the opened cash register, merchandise strewn about and a nearly empty rack of single packs of "Kool" cigarettes which the owner said had been filled at the close of the previous business day. Appellants were asked to exhibit their cigarettes; Colbert had one pack of such cigarettes and Davis had two. At least one of the three packs had the same "wholesale number" on the wrapper as those remaining in the store.

Appellants assert that their arrests were illegal. We disagree. "The question is what constituted probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment." Bell v. United States, 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86 (1958), cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958). Furthermore, as was there said, "the problem faced by the officer is one of probabilities—not certainties and not necessarily eventual truth." The hearsay description of the suspects was admissible in circumstances like these to show probable cause for arrest. See Dobkin v. District of Columbia, D.C.App., 194 A.2d 657 (1963). This description along with the physical proximity to the scene of the crime at almost the same time, and the fact that appellants were leaving "at a trot" constituted sufficient grounds for arrest. We cannot hold that the officers should have "let appellant[s] * * * disappear in the dark

---

1. Respectively, D.C.Code 1961, § 33–402 (a); §§ 22–3601, 22–1801, 22–103 and 22–2202.

2. The charge of possession of narcotics resulted in a finding of not guilty.

of night." Heard v. United States, D.C. App., 197 A.2d 850, 852 (1964). Since the arrest was legal, the instruments used to administer narcotics were admissible and therefore Colbert's conviction for possession of implements of crime must stand.[3] Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Bell v. United States, supra; Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34 (1940).

■ On the other claim of error as to the sufficiency of the evidence, we must reverse. The description given by the informant, as we have already said, could be used to establish probable cause for arrest; but it was not admissible to show guilt of the offenses charged. While we will not assume that improper evidence was considered in making the decision, we note that on two occasions there was specific reference by the trial judge to appellants' dress in considering the quantum of proof against them. The "wholesale numbers" on the cigarettes were considered coincidental at trial and the cigarettes could not be identified as having come from the store in question. Therefore they had little, if any, probative value as to guilt. See McGilton v. United States, D.C.Mun.App., 140 A.2d 190 (1958).

■ There remains then only the physical and chronological proximity to the scene, and their leaving "at a trot." This is not sufficient to establish guilt. In the appeal of Davis, the convictions are reversed with instructions to enter judgments of acquittal. The conviction of Colbert as to the possession of the implements of crime is affirmed; his other convictions are reversed with instructions to enter judgments of acquittal.

It is so ordered.

---

3. It was stipulated that these items contained "traces" of narcotics. See Murgia v. United States, 285 F.2d 14, 16 (9th Cir. 1960), cited in Edelin v. United States, D.C.App., 227 A.2d 395 (1967).