**Samuel KEITH, Robert L. Payne and Thomas J. Walker, Appellants,**

v.

**UNITED STATES, Appellee.**

**Nos. 4260–4263.**

District of Columbia Court of Appeals.

Argued June 26, 1967.

Decided July 25, 1967.

hearings by the House Committee on Un-American Activities.

Pierre E. Dostert, Washington, D. C., with whom Samuel C. Borzilleri, Washington, D. C., was on the brief, for appellants.

Theodore Wieseman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Carl S. Rauh, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

PER CURIAM.

After a joint trial by jury, appellants were convicted of the charges of possession of implements of crime, unlawful entry, and possession of narcotics.[1] All except appellant Walker were also convicted of narcotics vagrancy.[2] Concurrent sentences

1. D.C.Code, 1961, §§ 22–3601, 22–3102, and 33–402, respectively.

2. D.C.Code, 1961, § 33–416a(b) (1) (B). A *nolle prosequi* of this charge against

Walker was entered near the end of the trial.

were imposed and these appeals, consolidated for hearing, followed.

The testimony disclosed that two plainclothes detectives observed appellants walk into an alley. The officers shortly followed. As they proceeded up the alley, they noted that the back door of an empty building, posted as "Vacant and Condemned," had been knocked off its hinges and the doorway was open. The detectives entered the building and heard voices and movements upstairs. There they found appellants crouched around a newspaper spread on the floor on which were heroin capsules, needles, bottle-top cookers and a syringe. When the detectives identified themselves, appellants fled to other parts of the building. The officers followed them and inquired as to their reasons for being on the premises. Each gave a *different reply*. After advising them of their rights, the officers placed appellants under arrest.

■ Under the circumstances, appellants have no standing to challenge the legality of the officers' entry and search. The questions addressed to them seeking an explanation for their being in the condemned house were surely noncoercive and not "custodial interrogation" within Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Cf. Perry v. United States, D.C.App., 230 A.2d 721, decided June 26, 1967. When the police detectives saw narcotics paraphernalia, they were under a statutory duty to arrest the offenders immediately. See Edelin v. United States, D.C.App., 227 A.2d 395, 397 (1967); Murgia v. United States, 285 F.2d 14 (9th Cir. 1960). The arrest being legal, the physical evidence seized was properly admitted.

■ A statement by appellant Keith that he had used narcotics on the day of arrest was admitted without a later instruction to the jury that this admission was evidence only against Keith, not Payne or Walker. Although the trial judge had indicated he would give such an instruction, he failed to do so. This oversight was never called to the trial court's attention. In any event, we find that neither the admission of the statement nor the omission of the instruction constituted plain error, especially in the absence of any showing of prejudice to appellants Payne and Walker.

■ Appellants also complain that they should have received separate trials. Having made no motion for that purpose prior to trial, raising this point for the first time on appeal, they must be held to have waived any objection to a joint trial. Finnegan v. United States, 204 F.2d 105, 109 (8th Cir.), cert. denied, 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347 (1953). Cf. Miller v. Avirom, U.S.App.D.C., decided June 28, 1967. Furthermore, as appellants have made no showing of prejudice to them as a result of their joint trial, we find the trial judge did not err in failing to order a severance *sua sponte*.

■ The convictions of appellants for possession of narcotics and for possession of implements of crime were fully supported by competent evidence, and we affirm them. As they received concurrent sentences on all counts, it is not necessary to pass upon the validity of the other two convictions or to rebut appellants' challenge to the sufficiency of proof relating to the charge of unlawful entry or the constitutionality of the narcotics vagrancy statute,[3] the latter issue presented for the first time on appeal.

Affirmed.

---

3. Green v. United States, U.S.App.D.C., decided June 30, 1967; Moore v. United States, 117 U.S.App.D.C. 376, 330 F.2d 842 (1964); Hart v. United States, D.C. App., 187 A.2d 329, 330 (1963).