**William John JOHNSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4719.**

District of Columbia Court of Appeals.

Argued Feb. 3, 1969.

Decided July 17, 1969.

John A. Keats, Washington, D. C., for appellant.

Robert S. Bennett, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank

4. *Cf.* Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337 (1962).

Q. Nebeker, Julius A. Johnson, James E. Kelley, Jr., and William G. Reynolds, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

This appeal is from a conviction of possession of implements of crime.[1] The implements here consisted of twelve hypodermic syringes, twelve needles, a bottle top "cooker" and six empty capsules found in a bag, and thirty-two syringes and needles, nine syringes without needles, and twenty-two needle holders found in a cardboard box. There were traces of heroin on the six capsules, on one syringe and on one needle.[2] The bag and cardboard box were found in an apartment occupied by appellant and his wife when officers armed with a search warrant entered the apartment.

Appellant's first contention is that his motion to suppress should have been granted because the search warrant was not executed until six days after its issuance. He contends that the warrant should have been executed at the earliest practical time and that an unexplained six-day delay vitiates the warrant. In the recent case of House v. United States, D.C.Cir., 411 F.2d 725 (decided April 8, 1969), where a warrant was executed eight days after its issuance, the court considered the ambiguity between the requirement of Federal Rule of Criminal Procedure 41(c) that a warrant command the search "forthwith" and the re-

quirement of 41(d) that the warrant "may be executed and returned only within 10 days after its date." The court ruled that execution of the warrant within ten days did not necessarily meet the "forthwith" requirement, that reasonableness in point of time should be considered, as there may be various circumstances which would permit delay in execution, and that compliance with the rule may turn upon a showing of prejudice to the accused by reason of the delay.[3]

The Federal Rules of Criminal Procedure are not applicable in the Court of General Sessions, but we are presented with the same ambiguity here. The warrant was issued under D.C.Code 1967, §§ 33–414 which provides in subsection (e) that the warrant command search "forthwith", and in subsection (i) provides that the warrant "must be executed * * * within ten days after its date". Thus we think the ruling in House is applicable here.

In House the court remanded the case for a hearing on the circumstances for the delay and any showing of prejudice to the accused by the delay. Such action, we think, is not required here. In House defense counsel sought to develop the reason for the delay but was not permitted to do so. Here counsel made no such attempt but simply relied on the delay itself as vitiating the warrant. Furthermore counsel made no claim of prejudice by the delay. Since delay within the ten-day limitation does not, standing alone, vitiate the warrant, we hold on this record there is no showing that execution of the warrant was invalid.

---

1. D.C.Code 1967, § 22–3601 makes unlawful the possession by one of "any instrument, tool, or other implement * * * that is usually employed, or reasonably may be employed in the commission of any crime, if he is unable satisfactorily to account for the possession of the implement."

2. It is unlawful, except as authorized, to administer any narcotic drug. D.C.Code 1967, § 33–402.

3. In Spinelli v. United States, 382 F.2d 871, 886 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), cited in House, it was said: "To object to the failure of the police to 'search forthwith' the complaining party must point to some definite legal prejudice attributable to this unjustified delay."

The second claim of error relates to the denial of a *Miranda* hearing. When the question of a *Miranda* hearing was first raised, the court stated that such a hearing could be had, but when the prosecuting attorney stated that he would not introduce any statement by the accused, the matter was dropped. As the trial developed the prosecuting attorney determined that it would be necessary to introduce a statement made by the accused to the arresting officer. When this was made known, defendant's counsel again sought a *Miranda* hearing, but the trial court denied it and permitted the prosecutor to ask the arresting officer what account the accused gave. The officer testified the accused said he was "kicking the habit", and was just "cleaning the stuff out", getting rid of it.

At oral argument here the Government conceded that a remand of the case for a *Miranda* hearing would be proper. We agree. If at such hearing it be found that appellant was fully advised of his *Miranda* rights and voluntarily waived them before making the statement, the conviction shall stand. If not, a new trial shall be ordered.

In view of the possibility of a new trial being necessary, we add the following observations. The confusion in this case appears to have arisen from the prosecutor's, and perhaps the trial court's, belief that in order for the Government to make its case it was necessary to show that appellant was "unable satisfactorily to account for the possession" of the seized material. We hold that was not necessary in this case.

The statute under consideration was held unconstitutional insofar as it requires a satisfactory account of possession of implements such as an ax, crowbar, hammer and like tools which may be and usually are possessed for legitimate purposes, although they could be used in the commission of a crime. Benton v. United States, 98 U.S.App.D.C. 84, 232 F.2d 341 (1956). See also Washington v. United States, 98 U.S.App.D.C. 100, 232 F.2d 357 (1956). In *Benton,* however, it was clearly recognized that there are articles like opium or lottery tickets which give rise to sinister implications, and from their possession a criminal intent may be reasonably inferred. A presumption or inference may reasonably arise when "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." Leary v. United States, 395 U.S. 6, 36, 89 S. Ct. 1532, 1548, 23 L.Ed.2d 57, decided May 19, 1969. We think that from the proved fact here of possession of this large quantity of narcotic paraphernalia, it could be said with substantial assurance that the possessor intended that it be used in the unlawful administration of narcotics.

In such a situation it is not incumbent on the prosecution to show that the possessor was unable to satisfactorily account for its possession. That was a matter for the defense. The statute recognizes that articles giving rise to sinister implications may be legally possessed, and that proof of possession for a legal purpose constitutes a valid defense.

The case is remanded for further proceedings in accordance with this opinion.

KELLY, Associate Judge (concurring):

In my judgment a person who is found in possession of narcotics paraphernalia cannot be convicted of possession of implements of crime. I concur in this opinion, however, because I feel bound by prior decisions of this court. *See, e. g.,* Keith v. United States, D.C.App., 232 A.2d 92 (1967); Davis v. United States, D.C.App., 230 A.2d 485 (1967); Edelin v. United States, D.C.App., 227 A.2d 395 (1967).