Jackie Emanuel HERRING, Appellant,

v.

UNITED STATES, Appellee.

No. 5498.

District of Columbia Court of Appeals.

Argued Jan. 25, 1971.

Decided Feb. 26, 1971.

Robert C. Liotta, Washington, D. C., appointed by this court, for appellant.

Charles H. Roistacher, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

PER CURIAM:

Appellant was found guilty in a trial without a jury of violating D.C.Code 1967, § 22–3214, which prohibits possession of certain dangerous weapons, including switchblade knives. At the trial such a knife was introduced and identified by two police officers as having been taken from appellant's pocket at the time of his arrest. No objection was made to the admission of this particular piece of evidence, nor had there been a pre-trial motion to suppress, as required by Rule 41(e) of the Criminal Rules of the Court of General Sessions.

Notwithstanding the failure of defense counsel to raise the issue in the court below, appellant now contends that the trial testimony disclosed so clearly that the evidence for conviction was obtained by an illegal search and seizure that the court on its own motion should have suppressed it. Appellant relies on another subsection of the rules previously cited, Rule 52(b), which provides:

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

Thus the sole question presented to this court is whether the admission of the knife and its prior possession by appellant constituted plain error. Counsel for appellant in this court recognizes that the requirements of Rule 41(e)[1] are not lightly disregarded by appellate courts, Scott v. United States, 115 U.S.App.D.C. 208, 209, 317 F.2d 908 (1963); Darden v. United States, 405 F.2d 1054 (9th Cir. 1969), but argues that this court declined to review untimely objections to the admissibility of evidence, asserted to have been improperly obtained, only where the record bearing on the matter was "inconclusive and sketchy", Blackmone v. United States, D.C.Mun.App., 151 A.2d 191, 196–97 (1959). He points out that in the trial of this case, evidence concerning the disputed arrest and seizure was received in considerable length.

It is true that the record before us is distinguishable from the *Blackmone* case in that respect. But this distinction is not helpful to appellant, for the details of the arrest and seizure set forth in undisputed testimony are such that we cannot hold that the trial was tainted with "plain errors".

Briefly summarized, the record shows that about 15 minutes before the arrest, two police officers cruising in a car received a radio report of a robbery in a hotel at 1225 New York Avenue. On arriving at the scene, one officer went inside to interview the victim of the hold up; the other remained in the car. A few minutes later—about 11:05 p. m.—the officer in the car saw appellant leave the hotel and walk toward the 1300 block of New York Avenue. Observing a bulge in appellant's back pocket, he drew this to the attention of his fellow officer, who had emerged from the hotel almost immediately behind appellant. The second officer noticed that appellant matched the description given him of one of the robbers with respect to clothing, age, and general appearance.

The policemen followed appellant into the next block, where he started to run. One of the officers overtook him, saying he would like to talk to him. Appellant tried to break away, but the officer, with the assistance of his colleague, subdued him and found a switchblade knife in his back pocket. Appellant did not contradict the police witnesses but suggested he was a victim of circumstances. He testified that he had visited the hotel merely for the purpose of paying a social call, and that in departing he had broken into a run, not to evade the police, but to reach a bus stop in time to board a vehicle momentarily expected.

Appellant argues that although the officer who arrested him testified he did so because he believed appellant was a participant in the hotel robbery, appellant was never prosecuted for this offense, and therefore the search and seizure were obviously made without probable cause.

While the line between suspicion and probable cause is an elusive one,[2] it is by no means plain that the action of the arresting officers was unreasonable in view of the proximity of appellant to the scene of the crime, his resemblance to one of the robbers, and his own seeming efforts to avoid being overtaken and questioned. In cases where the fourth amendment issue was timely raised, this court has found probable cause for arrest under circumstances not dissimilar to those noted here. Harrison v. United States, D.C.App., 267 A.2d 368 (1970); Davis v. United States, D.C.App., 230 A.2d 485 (1967); Teresi v. United States, D.C.App., 187 A.2d 492 (1963). But in the posture of this case, it is not necessary to pass on this issue, for we are satisfied that the record presents no "plain errors or defects affecting substantial rights".

Affirmed.

---

1. This local rule is identical to Fed.R. Crim.P. 41(e).

2. *Cf.* Clemm v. United States, D.C.App., 260 A.2d 687 (1970), *with* Daugherty v. United States, D.C.App., 272 A.2d 675 (1971).