**Roosevelt HARRISON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5190.**

District of Columbia Court of Appeals.

Argued June 8, 1970.

Decided June 30, 1970.

---

Edward S. Horowitz, Washington, D. C., appointed by this court, for appellant.

John R. Dugan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Roger M. Adelman, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by the court sitting without a jury of illegal possession of heroin. D.C.Code 1967, § 33–402.

 Since the Government concedes that appellant was not afforded the right of allocution prior to sentencing, the only issue meriting discussion is the denial of appellant's motions to suppress the heroin seized as a result of a pat-down of his person. After thorough consideration, we affirm appellant's conviction.[1]

In early November 1969, at about 7:30 p. m., Officers Hicks and Evans, in their scout car, responded to the report of a robbery of a liquor store. Officer Evans obtained a partial description of the two robbers [2] from the store personnel, and the

1. Appellant's sentence will be vacated and the case remanded for resentencing after allowing appellant and counsel the right of allocution. Miler v. United States, D.C.App., 255 A.2d 497 (1969) ; see Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627 (1955) ; GS Crim. Rule 32(a)((1).

2. A radio lookout was broadcast by Officer Hicks as follows: "Number one is a Negro male, 23, 24, 5′ 8″, 155 lbs, medium bush haircut, medium complexion, brown

officers then cruised the area looking for them. Approximately a half hour later, at about 8 p. m., the officers observed the appellant and two others about to enter a building some three blocks from the liquor store. Appellant and one of his companions, in the officers' judgment, met the description of the two suspects. Officer Hicks alighted from the car and approached the three men. He obtained their identification and explained that there had been a robbery in the vicinity. He asked them to go to the liquor store, which they agreed to do. They went back to the scout car where Officer Hicks called for a transport vehicle. While awaiting its arrival, the officers patted the men down for weapons. Two small envelopes containing heroin were seized from appellant's person. He was then told that he was under arrest.[3]

The court denied the motions to suppress on the ground that the officers had probable cause to arrest appellant and that the search was therefore proper.

■ The standard to be used in determining whether there was probable cause to arrest appellant at the time he was approached by Officer Hicks "is that of 'a reasonable, cautious and prudent peace officer' and [it] must be judged in the light of his experience and training." Bailey v. United States, 128 U.S.App.D.C. 354, 358, 389 F.2d 305, 309 (1967) (citation omitted). We think that the police officers had "enough information to 'warrant a man of reasonable caution in the belief' that a crime ha[d] been committed and that [appellant was one of the two who had]

committed it." *Id.* We conclude therefore, as did the trial court, that the officers had probable cause to arrest appellant when they initially confronted him and his companions.

■ Nevertheless, appellant attempts to make much of the fact that the officers did not tell appellant that he was under arrest until after the narcotics were seized from him. This argument overlooks the rule of law that "the point at which an arrest occurs is not controlled simply by when the arresting officer announces it. Rather, it is all the surrounding circumstances which control. * * *" Thompkins v. United States, D.C.App., 251 A.2d 636, 638 (1969) (citation omitted).

■ We think, considering the circumstances set out earlier in this opinion, that the arrest occurred at the initial confrontation.

■ Assuming, arguendo, that it did not, the appellant still may not complain because "[e]ven if the formal arrest was not made until after the search, the search will be upheld so long as there is probable cause for an arrest before the search is begun." Bailey v. United States, *supra*, 128 U.S.App.D.C. at 357, 389 F.2d at 308. Since, as we have held above, there was probable cause prior to the search, it and the seizure were valid.

We find no error, therefore, we affirm the conviction and remand with instructions consistent with this opinion.

It is so ordered.

suede jacket, armed with a shotgun. Number two is a Negro male, 18, to 20, 5' 6" to 5' 8", 150 lbs, close cut hair, brown pullover sweater, armed with a small dark revolver." (Tr. 20)

3. The three were subsequently taken to the scene of the robbery but none were identified.