Jerome C. **SHEPARD**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5445.

District of Columbia Court of Appeals.

Argued Jan. 11, 1971.

Decided March 8, 1971.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

John E. Rogers, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and PAIR, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted of carrying a pistol without a license in violation of D. C.Code 1967, § 22–3204. He complains that his motion to suppress the pistol should have been granted. We do not agree and, therefore, affirm.

A police officer investigating the armed robbery of a supermarket received a description from the cashier indicating the robber to be a "Negro male, late teen or early twenties, medium complexion with a medium bush." Within two and one-half blocks of the scene of the crime and about 25 minutes later, the officer came upon appellant, who met the general description, in company with several other persons. As the officer approached, appellant said, "Yes, I know what you're stopping us for; about the Grand Union that just got held up." After some further conversation, appellant stated that he would go back down to the Grand Union with the officer because everyone there knew him and would verify his innocence.

Appellant was originally observed with a jacket over his left arm, which he subsequently placed on a nearby fence. After he said he would go back to the Grand Union and started to walk toward the police cruiser, the officer removed the jacket from the fence. It felt exceptionally heavy and when the officer clasped it in the area of the pocket, he felt a gun which he removed. Appellant was then arrested for carrying a pistol without a license. The officer testified that after he felt the pistol he searched the jacket in order to protect himself.

Appellant contends that the search of the jacket was unlawful in that it followed an arrest without probable cause.

The trial court found, and we agree, that when appellant agreed to go back to the Grand Union he was not under arrest.

Hicks v. United States, 127 U.S.App.D.C. 209, 382 F.2d 158 (1967). The record supports the finding that he was voluntarily returning to the scene of the crime. In this particular situation, we see nothing wrong with the officer's action in picking up appellant's jacket, which was about to be left on the fence. Once having picked up the jacket, having felt something heavy like metal, and having reasonably sensed that it might be a pistol, the officer had probable cause to go into the pocket of the armed robbery suspect's jacket and seize the pistol. Harrison v. United States, D. C.App., 267 A.2d 368 (1970).

The conviction is

Affirmed.